E-FILED
Tuesday, 04 November, 2014 03:08:28 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOSE ROMAN, )
 )
   Plaintiff, )
 )
v. ) No. 14-2017
 )
 )
DR. PAUL TALBOT, et al., )
   Defendants, )

**OPINION**

DAVID BERNTHAL, U.S. Magistrate Judge.

    Plaintiff pursues an Eighth Amendment claim for deliberate indifference to his serious medical need during his incarceration in Danville Correctional Center. He alleges that Defendants failed to properly diagnose and treat a back injury he suffered in prison.

    Plaintiff has filed a motion for the Court to appoint counsel. This is a civil case, not a criminal case, which means that the Court cannot require an attorney to take this case, and an attorney taking the case must do so pro bono, which means without pay. In deciding whether the Court should search for volunteer counsel, the question is "given the difficulty of the case, does the plaintiff appear

competent to litigate it himself?" Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007).

However, before the Court answers that question, Plaintiff must first demonstrate that he has made reasonable efforts to find an attorney on his own. Pruitt, 503 F.3d at 654-55 (7th Cir. 2007). Typically, a plaintiff makes this showing by writing to several different law firms and attaching the responses to the motion for appointment of counsel. Plaintiff's motion does not demonstrate any efforts to find counsel and therefore will be denied, with leave to renew. Plaintiff is being released soon, which should make his search for counsel easier. If Plaintiff renews his motion for counsel, in addition to showing reasonable efforts to obtain his own counsel, Plaintiff should set forth any classes he has taken or jobs he has held inside and outside of prison and his litigation experience, if any.

Also before the Court is Defendants' motion for summary judgment on exhaustion grounds. Defendants argue that Plaintiff did not appeal the denial of his grievance within the required 30 days because his appeal was marked as received by the Administrative Review Board 48 days after the denial. However,

Defendants do not dispute Plaintiff's assertion that he appealed the denial of his grievance on July 12, 2013, by placing it in the mail at the Danville Correctional Center, well within the 30 day deadline. Plaintiff did not receive a response to his appeal until February 4, 2014, and that response denied Plaintiff's appeal as untimely because Plaintiff's appeal had not been *received* until August 19, 2013.

Plaintiff had no control over what happened to his appeal once he sent it for mailing. His appeal was timely—the prison's delay in mailing the appeal does not change that fact. *See Conley v. Anglin*, 2013 WL 1197864 (7th Cir. 2013)(not published in Federal Reporter)("And though the defendants would like us to presume that § 504.850 and the ARB's own procedures do not recognize the "mailbox rule," they offered no support (and still don't) for the proposition.") Having timely appealed on July 12, Plaintiff waited the requisite six months for a response before filing this lawsuit. 20 Ill. Admin. Code 504.850(f). In short, on this record, Plaintiff exhausted his available administrative remedies before filing this lawsuit.

**IT IS ORDERED:**

1) Plaintiff's motion for counsel is denied (20), with leave to renew.

2) Dr. Talbot's motion for summary judgment on exhaustion is denied (39).

3) Plaintiff's motion in limine to exclude his criminal history is denied as premature (43). Motions in limine are filed after the case survives summary judgment and is set for trial.

4) A scheduling order will enter separately.

ENTER: 11/4/2014
FOR THE COURT:

                                            **s/David G. Bernthal**
                                            DAVID G. BERNTHAL
                                  UNITED STATES MAGISTRATE JUDGE